IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DEDRIC JAMAR DEAN, #197 053, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:16-CV-92-WKW |
| | ) | [WO] |
| LT. MICHAEL BRYAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, a state inmate incarcerated at the Ventress Correctional Facility in Clayton, Alabama, files this 42 U.S.C. § 1983 action alleging that defendants violated his constitutional rights on November 9, 2015, when they arrested him on drug charges. Plaintiff also challenges matters associated with the ensuing criminal proceedings. Plaintiff names as defendants Lieutenant Michael Bryan, Sergeant Chris Juneau, Corporal James Isler, the City of Ozark Police Department, Chief Marlous Walker, District Attorney Kirke Adams, and Assistant District Attorney David Emery. Plaintiff seeks damages and requests that Defendants Bryan, Juneau, and Isler be subjected to federal criminal charges. Upon review, the court concludes dismissal of certain claims and defendants prior to service is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[1]

---

[1] Plaintiff sought leave to proceed *in forma pauperis*. The court granted Plaintiff *in forma pauperis* status except to the extent payment is required by applicable statute. Doc. 5. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## I. DISCUSSION

**A. The State Prosecutors**

Plaintiff names District Attorney Kirke Adams and Assistant District Attorney David Emery as defendants, complaining they fabricated evidence to bring criminal charges against him. "[A] prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate."); *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (In a § 1983 action, "the immunity that the law grants prosecutors [for actions intimately associated with initiation, prosecution and punishment in a criminal case] is 'absolute.'"); *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976) ("[A] prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties."); *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government."). The absolute immunity afforded prosecutors protects against "impair[ing] the performance of a central actor in the judicial process." *Malley v. Briggs*, 475 U.S. 335, 343 (1986). Absolute immunity from § 1983 liability is afforded to all conduct of a prosecutor that is "intimately associated with the judicial phase of the criminal process," which includes representing the State's interests during the sentencing phase of the process. *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler*, 424 U.S. at 430-431). Further, this immunity is applicable even where the prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986); *accord, Prince v. Wallace*, 568 F.2d 1176, 1178-79 (5th Cir. 1978).

Plaintiff's challenge to the actions of District Attorney Adams and Assistant District Attorney Emery in initiating and prosecuting criminal charges against Plaintiff arise from these defendants' roles "as [] 'advocate[s]' for the state" and such actions are "intimately associated with the judicial phase of the criminal process." *Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998) (citations omitted). Defendants Adams and Emery are entitled to absolute immunity for this conduct. *Buckley*, 509 U.S. at 273; *Burns*, 500 U.S. at 493. Thus, Plaintiff's claims against these defendants are due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). Further, Plaintiff is entitled to no declaratory or injunctive relief in this § 1983 complaint for any adverse action taken during the state criminal court proceedings related to his conviction and/or sentence under which he is incarcerated. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983); *Newman v. Alabama*, 683 F.2d 1312 (11th Cir. 1982).

**B. Defendant City of Ozark Police Department**

Plaintiff names as a defendant the City of Ozark Police Department. To allege a viable § 1983 claim, a plaintiff must name as a defendant an entity subject to being sued. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of a party to be sued is "determined by the law of the state in which the district court is held." *Id*. Under federal and state law, a county sheriff's department is not a legal entity subject to suit or liability. *Id*.; *White v. Birchfield*, 582 So.2d 1085, 1087 (Ala. 1991). The Alabama Supreme Court has made it equally clear that other "departments and subordinate entities of municipalities, counties and towns[,]" such as police departments, "lack[ ] the capacity to sue or be sued." *Ex parte Dixon*, 55 So.3d 1171, 1172 n.1 (Ala. 2010). Based on the foregoing, the court concludes the City of Ozark Police Department is not a legal entity subject to suit.

**C. Conspiracy**

Plaintiff alleges that the named defendants conspired to bring criminal charges against him which they knew were not viable, and they did so by fabricating and tampering with evidence, concealing exculpatory evidence, and intimidating witnesses. Plaintiff alleges no facts suggestive of conspiracy. Rather, Plaintiff's allegations of conspiracy are conclusory and vague and fail to allege that Defendants reached an agreement or a tacit understanding to commit acts in violation of any constitutionally protected right to which Plaintiff is entitled. *See Fullman v. Graddick*, 739 F.2d 553, 556-7 (11th Cir. 1984); *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990); *see also Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) (merely "stringing together" adverse acts of individuals is insufficient to demonstrate the existence of a conspiracy). Accordingly, Plaintiff's conspiracy claim is subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Battle v. Central State Hospital*, 898 F.2d 126, 129 (11th Cir. 1990) (a claim is frivolous if it is without arguable merit either in law or fact).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's § 1983 claims against Defendants Adams, Emery, and the City of Ozark Police Department be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) & (iii);

2. Plaintiff's § 1983 conspiracy claim against the named defendants be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i);

3. Defendants Adams, Emery, and the City of Ozark Police Department be DISMISSED as parties to this action;

4. This case be referred to the undersigned for further proceedings.

It is further

ORDERED that **on or before March 13, 2017**, Plaintiff may file an objection to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file a written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 27th day of February, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge